FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 17, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YOHNUS ADAM MICHAEL CAMERON, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF OHIO, BUTLER COUNTY COMMON PLEAS COURT, YOHNUS ADAM MICHAEL CAMERON, NOAH E. POWERS, II, MICHAEL T. GMOSER, JOHN T. WILLARD, KELLY E. HEILE, and BRIAN COOK, <br><br> Defendants. | NO: 2:20-CV-161-RMP <br><br> ORDER DISMISSING ACTION |

Without paying the filing fee or submitting an application to proceed *in forma pauperis,* Plaintiff Yohnus Adam Michael Cameron, a prisoner at the Southeastern Correctional Complex in Lancaster, Ohio, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff presents no facts from which the Court could infer that the Eastern District of Washington is the

ORDER DISMISSING ACTION -- 1

appropriate venue for his claims. *See* 28 U.S.C. § 1391(b). None of the claims appears to have occurred in this District and none of the Defendants appears to reside in this District.

**VENUE**

Venue may be raised by the Court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a). The Court finds Plaintiff's allegations difficult to decipher, and there appears to be no basis to establish that justice would be best served by transferring this case to another forum.

**FAILURE TO COMPLY WITH FILING FEE OR *IN FORMA PAUPERIS* REQUIREMENTS**

Moreover, parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). An action may proceed without

ORDER DISMISSING ACTION -- 2

the immediate payment of a filing fee only upon granting of *in forma pauperis* status. *See* 28 U.S.C. § 1915. Failure to pay the statutory filing fee will result in dismissal of these actions without prejudice. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (district court has authority to dismiss without prejudice prisoner complaint for failure to pay partial filing fee).

Here, Plaintiff also failed to comply with 28 U.S.C. § 1915(a)(1), which requires a prisoner seeking to bring a civil action without prepayment of the filing fee to submit "an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." The affidavit must also "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Further, Plaintiff has not complied with 28 U.S.C. § 1915(a)(2), which requires a prisoner seeking to bring a civil action without prepayment of the filing fee to submit a certified copy of his trust fund account statement (or institutional equivalent) for the **six months** immediately preceding the filing of the complaint. On April 24, 2020, the District Court Clerk provided Plaintiff with a Declaration and Application to Proceed *In Forma Pauperis*, and directed Plaintiff to complete and return the form, along with a statement of his prisoner account for the entire six-month period preceding April 22, 2020. ECF No. 2. Plaintiff has failed to comply with this directive.

ORDER DISMISSING ACTION -- 3

Case 2:20-cv-00161-RMP    ECF No. 3    filed 06/17/20    PageID.38    Page 4 of 4

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED** without prejudice for failure to either pay the applicable filing fee of $400.00 ($350.00 filing fee, plus $50.00 administrative fee) or comply with the *in forma pauperis* statute.

2. <u>In the alternative</u>, this action is **DISMISSED** without prejudice for lack of venue. *See In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).

3. Based on the Court's reading of *Hoffmann v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019), this dismissal will NOT count as a "strike" under 28 U.S.C. § 1915(g).

4. This case is **DISMISSED** and **CLOSED**.

**IT IS SO ORDERED.** The District Court Clerk is **DIRECTED** to enter this Order, provide a copy to Plaintiff and **CLOSE** the file. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**DATED** June 17, 2020.

                          *s/ Rosanna Malouf Peterson*
                          ROSANNA MALOUF PETERSON
                          United States District Judge